3723. LAMAR *et al.,* executors, *v.* COOPER, administratrix.

HILL, C. J. All the questions presented for determination depend upon a consideration of the evidence. The oral evidence is brief and not very material to the issues involved. These issues depend almost wholly upon the construction to be placed upon an extended correspondence between the parties. This correspondence consists of about fifty letters. Fully half of them are wholly irrelevant and immaterial, many were not even introduced in evidence, and those that are relevant and material contain much irrelevant and immaterial matter. No attempt whatever was made to comply with the mandatory requirements of the statute relating to briefs of evidence in motions for new trials. Civil Code (1910), § 6093. All of the letters are copied literally and in extenso, with no effort at abridgment or condensation. This court is reluctant to refuse to consider a case because there is no proper brief of the evidence, and will not do so unless the violation of the statute is flagrant and palpable. When such violation occurs, the explicit terms of the statute, and the uniform practice of the Supreme Court and of this court, demand an affirmance of the judgment, where the only questions made depend upon a consideration of the evidence. *Durden* v. *DeLoach,* 9 *Ga. App.* 396 (71 S. E. 493); *Howard Piano Co.* v. *Brown,* 8 *Ga. App.* 426 (69 S. E. 495), and citations.

> *Judgment affirmed. Russell, J., dissenting.*
> DECIDED JULY 10, 1912.

Complaint; from city court of Macon—Judge Hodges. December 21, 1911.

*Guerry, Hall & Roberts,* for plaintiffs in error.

*W. D. McNeil,* contra.

RUSSELL, J., dissenting. In my opinion the ruling requiring dismissal for failure to properly brief testimony should not be enforced in the present case to the utmost degree of strictness, for the reason that, while the letters are not briefed, in my judgment those that are material could not be briefed so as to convey their meaning as accurately as if the entire letter were copied. A number of letters entirely impertinent in their contents appear in the record, but each of them is prefaced by the statement that they were not introduced by the plaintiff. The appearance of these

letters in the record is a violation of the letter of the rule, but, in my judgment, does not affect its spirit, for the reason that it is perfectly plain that they are nothing more than that much waste paper would be; a mere glance of the eye disclosing the fact that it is not necessary for the court to peruse them, or to inquire as to the materiality of their contents. Under my conception of the requirements of section 5527 of the Code of 1895 (Code of 1910, § 6139), the court of review should not seek for excuses to dismiss the writ of error, or even place itself in the position of appearing to do so, for, in the language of that statute, if there is enough in the bill of exceptions and the record to enable the court to determine the point at issue, it is its duty to do so. In view of the fact that the letters that have found their way into this record, so far as they are immaterial, are plainly marked, I do not think the writ of error should be dismissed; and in so far as the evidence itself is concerned, as it does not appear that there was any individual undertaking on the part of the decedent, but rather that he acted as a representative of a corporation, the judgment refusing a new trial, in my opinion, should be reversed.